FILED

JUN -8 2010

CLERK, U.S DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FRANKLIN C. SMITH,

    Petitioner,

v.                              Case No. 2:09cv513

ATTORNEY GENERAL OF VIRGINIA,

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

As a preliminary matter, and as more fully discussed herein, the Court notes that the proper Respondent to this action is the Attorney General of Virginia. Accordingly, the Clerk is DIRECTED to amend the style of the case to reflect this change.

### I. STATEMENT OF THE CASE

#### A. Background

On August 4, 2009, Petitioner, Franklin C. Smith ("Smith"),

was arrested and charged with two (2) counts of concealing merchandise valued at less than $200, third offense, which is a Class 6 felony, see Va. Code §§ 18.2-103, 18.2-104, one (1) count of attempted escape, which is a Class 6 felony, see Va. Code § 18.2-479, and one (1) count of public intoxication, which is a Class 4 misdemeanor, see Va. Code § 18.2-388. On August 5, 2009, Smith was brought before the General District Court of the City of Richmond on the pending charges, at which time the court appointed an attorney to represent him. On September 15, 2009, Smith, represented by counsel, appeared for his preliminary hearing. At the preliminary hearing, the two (2) counts of felony concealment were amended to misdemeanor counts of concealment and shoplifting, Smith pleaded guilty[1] to the amended concealment charges, and the felony escape and public intoxication charges were dismissed. On September 16, 2009, the presiding judge modified Smith's sentence, imposing a term of incarceration of twelve (12) months, with nine (9) months suspended. Smith served his three-month active sentence in the Richmond City Jail, Virginia.

On October 13, 2009, while in the custody of the Richmond City Jail, Smith filed the instant petition for a writ of habeas corpus

---

[1] Smith's first claim alleges that he was sentenced after he pleaded not guilty. However, elsewhere in his petition, Smith alleges that he "plead out against his will" because the judge would not release him on a personal recognizance bond. The preliminary hearing forms printed on the back of Smith's arrest warrants indicate that Smith was represented by counsel, and pleaded guilty to the reduced charges of petit larceny.

2

pursuant to 28 U.S.C. § 2254, naming Judge D. Eugene Cheek as the Respondent. Smith also filed an Emergency Notification on October 15, 2009 (Doc. No. 3), and a Notification to Writ of Habeas Corpus on October 27, 2009 (Doc. No. 4). The Court interpreted these documents as supplements to the petition and incorporated their allegations into the petition.

Smith was released from the Richmond City Jail on October 30, 2009. On November 17, 2009, the Court amended the petition to substitute as the sole Respondent Gene M. Johnson, Director of the Virginia Department of Corrections.

On March 12, 2010, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum, and a Roseboro Notice pursuant to Local Rule 7(K) (Doc. Nos. 17-20). Respondent's Motion to Dismiss asserts that Gene Johnson is not the appropriate respondent because Smith was not in the custody of the Virginia Department of Corrections. Respondent alleges that the Sheriff of the City of Richmond is the appropriate respondent. On March 23, 2010, the Court entered an order (Doc. No. 21) directing Respondent to supplement its Motion to Dismiss with additional information to support the allegation that Gene Johnson is not the appropriate respondent. On April 5, 2010, in accordance with the Court's order, Respondent filed a Supplemental Motion to Dismiss (Doc. No. 25) and brief in support thereof (Doc. No. 26).

On April 16, 2010, the Court directed Respondent to provide

additional information regarding Smith's suspended sentence and whether he was being supervised, and to file an appropriate answer to Smith's petition.² (Doc. No. 27.) On April 19, 2010, Respondent filed his response, providing the Court with the requested information. (Doc. No. 28.) Respondent also filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum, and a Roseboro Notice pursuant to Local Rule 7(K) (Doc. Nos. 29-32). On June 1, 2010, Smith filed a Motion to Proceed and Deny Defendant's Motion to Dismiss. (Doc. No. 36.)

## B. Grounds Alleged

In his petition, Smith makes substantially the following claims:

> a) The trial judge violated his Due Process rights by sentencing Smith at a preliminary hearing after Smith pleaded not guilty.
>
> b) The trial judge and Commonwealth's Attorney conspired to violate his Due Process rights because they told Smith that if he appealed the convictions they would bring back the felony charges and drag him through the system.
>
> c) The trial judge violated Smith's "free right to travel under the Fourteenth Amendment" by refusing to release Smith from jail the day after he was sentenced to allow him to board a greyhound bus to Dover, Delaware to be treated for P.T.S.D.

---

² In the April 16, 2010 order, the Court determined that depending on whether Smith was being supervised, either Gene Johnson or the Attorney General of Virginia would be the proper respondent. The Court also noted that both officials are represented by the Virginia Office of the Attorney General, and accordingly, an answer could be filed addressing Smith's petition before the Court amended the proper respondent.

4

d) The trial judge committed "treason" by violating Smith's Eighth Amendment right to reasonable bail by declining to release him on a personal recognizance bond because he was poor.

e) The trial judge and prosecutor violated Smith's Fourteenth Amendment rights by discriminating against Smith because he was poor, and by "conspiring to incite one race to insurrection against another race because the Petitioner is a white Irish American and all other peers who convicted him are of a different race."

f) The Commonwealth of Virginia has a long history of discrimination against the poor and homeless.

g) The Commonwealth's Attorney and the trial judge incorrectly used Smith's out-of-state burglary conviction as a prior like offense, which placed him in "double jeopardy" of prosecution for identical or greater included offenses.

## II.  **PROPER RESPONDENT**

In this case, Smith was convicted of two (2) misdemeanors, and served his three-month active sentence in the Richmond City Jail. Smith was released from the jail on October 30, 2009, but remains in custody for the purposes of habeas corpus because he may be reincarcerated if he violates the terms and conditions of his suspended sentence. See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968); Pollard v. United States, 352 U.S. 354, 358 (1957); Nakell v. Att'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994).

In his Motion to Dismiss Improper Party Respondent (Doc. No. 17) and Supplemental Motion to Dismiss (Doc. No. 25), Respondent argues that under these circumstances, the Sheriff of the City of Richmond, and not Gene Johnson, is the proper respondent. In his most recent Motion to Dismiss (Doc. No. 29), Respondent renews the

argument that neither Gene Johnson, nor the Attorney General of Virginia, is the proper respondent, and that the Sheriff of the City of Richmond should be named as the sole respondent in this action.

A petition for a writ of habeas corpus shall allege "the name of the person who has custody over [the petitioner]." 28 U.S.C. § 2242. "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Normally, the proper respondent "is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions." Advisory Committee Notes, Rules Governing Section 2254 Cases. When the petitioner is not physically restrained or under direct supervision, but may be placed in custody in the future, the Advisory Committee Notes advise that "[t]he named respondent[] shall be the attorney general of the state whose action subjects the petitioner to future custody." Id.

When Smith filed his petition, on October 13, 2009, he was in custody at the Richmond City Jail. Accordingly, the Sheriff of the City of Richmond would properly have been the sole Respondent. See Brown-El v. Va. Parole Bd., 948 F. Supp. 558, 559 n.1 (E.D. Va. 1996). However, Smith's petition named Judge D. Eugene Cheek as

6

the Respondent, not the Sheriff of the City of Richmond. Proper jurisdiction as to venue and the respondent is not destroyed when a petitioner is transferred or released after the petition is filed. See Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005). Accordingly, if Smith had named the Sheriff of the City of Richmond as the respondent when he initially filed his petition, the Sheriff would remain the sole respondent despite Smith's subsequent release. However, Smith named Judge D. Eugene Cheek as the sole respondent, and therefore, the Court never had proper jurisdiction over the Sheriff of the City of Richmond as the respondent in this matter.

Because the Court never had jurisdiction over the Sheriff of the City of Richmond, and Smith is not subject to any supervision, the Court must determine who would have custody over Smith if he was incarcerated for violating the terms and conditions of his suspended sentence. According to Virginia law, "[n]o person who is convicted of a misdemeanor or a felony and receives a jail sentence of twelve months or less shall be committed or transferred to the custody of the Department without the consent of the Director." Va. Code § 53.1-21(B). Therefore, Gene M. Johnson, the Director of the Virginia Department of Corrections, would not be Smith's likely custodian if he were to be detained for violating the terms and conditions of his suspended sentence.

Respondent asserts that the Sheriff of the City of Richmond

remains the proper respondent because if Smith violates the terms and conditions of his suspended sentence he will be returned to the Richmond City Jail to serve the remainder of his sentence. The Court is not convinced that this would be the case. It is not clear that Smith would be required to serve the remainder of his sentence in the Richmond City Jail, if for instance, he was arrested and detained in another part of the Commonwealth, or in another state and returned to the Commonwealth to serve his sentence.[3]

Because Smith may be placed in custody in the future to serve a term of incarceration on his suspended sentence, and because it is not clear where Smith would be detained, the Court FINDS that the Attorney General of Virginia is the proper respondent. See Advisory Committee Notes, Rules Governing Section 2254 Cases. Accordingly, the Clerk is DIRECTED to substitute the Attorney General of Virginia as the sole respondent. Respondent's Motion to Dismiss Improper Party Respondent (Doc. No. 17), and Supplemental Motion to Dismiss (Doc. No. 25) are GRANTED, dismissing Gene Johnson as the respondent in this action. Respondent's Motion to Dismiss (Doc. No. 29) is DENIED IN PART, to the extent that it

---

[3] The Court notes that since his release from the Richmond City Jail, Smith has resided in Norfolk, Virginia; Virginia Beach, Virginia; Wyandotte, Michigan; and Wilmington, Delaware. Accordingly, the Court assumes that it is unlikely that Smith would be found and arrested in Richmond, Virginia for violating the terms and conditions of his suspended sentence.

seeks to have the Attorney General of Virginia dismissed as the respondent.

### III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of Smith's habeas corpus petition because the Court FINDS that Smith's claims are not exhausted and are procedurally defaulted, requiring dismissal of the instant petition.

In order for this Court to address the merits of this habeas petition, all of Smith's claims must be exhausted. 28 U.S.C. § 2254(b); Wilson v. Ozmint, 352 F.3d 847, 867 (4th Cir. 2003). A petitioner's claims are exhausted if "both the operative facts and the controlling legal principles," Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997), have been presented "at least once to the highest state court," Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Respondent argues that Smith failed to exhaust his claims because he did not seek any relief in the state courts, either by way of direct appeal or a petition for a writ of habeas corpus. Respondent further argues that Smith would be procedurally barred from exhausting his state remedies at this time.

The state court records received from the General District Court of the City of Richmond indicate that Smith filed a Notice of Appeal in that court on October 2, 2009.[4] However, a handwritten note in the case file, dated October 6, 2009, states that Smith "[d]ecided not to appeal after all." Accordingly, the Court FINDS that Smith did not pursue an appeal, and did not present any of his claims to the Supreme Court of Virginia.

Although Smith did not pursue an appeal, "the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." Matthews, 105 F.3d at 911 (citations omitted). Such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000), cert. denied, 530 U.S. 1285 (2000); see also Wilson, 352 F.3d at 867.

According to Virginia law, a defendant convicted of a misdemeanor in the general district court may appeal his conviction to the circuit court within ten (10) days. See Va. Code § 16.1-132. Smith was convicted on September 15, 2009. Therefore, he had until September 25, 2009, to note an appeal. As explained above,

---

[4] A handwritten note attached to the envelope, which contained Smith's Notice of Appeal, states that the court received "this notice of appeal on 10-2-09, however, the envelope was postmarked 9-25-09 (the last day he could note an appeal)."

10

Smith timely filed a Notice of Appeal, but then decided not to pursue it. Smith can no longer appeal his convictions.

Smith would also be procedurally barred from filing a petition for a writ of habeas corpus in the state courts. Pursuant to well-settled Virginia law, claims that could have been raised at trial or on direct appeal, but were not, and that do not concern jurisdictional issues, cannot be addressed in a habeas corpus proceeding. See Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), cert. denied, 419 U.S. 1108 (1975). Slayton has consistently been held to constitute an independent and adequate state law ground, which supports procedural default in federal court. Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Because Smith could not now present his claims to the Virginia courts, the Court FINDS that his claims are simultaneously exhausted and procedurally defaulted, and thus barred from this Court's review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Clagett, 209 F.3d at 378-79.

Although Smith's claims are procedurally defaulted, he may still obtain review of his claims if he establishes either: (1) "cause for the default and demonstrate[s] actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice" because, for instance, he is actually innocent of the crimes for which he was convicted. Clagett, 209

F.3d at 379 (citing Coleman, 501 U.S. at 750)); see also Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); McNeill v. Polk, 476 F.3d 206, 214 (4th Cir. 2007) (quoting Richmond v. Polk, 275 F.3d 309, 324 (4th Cir. 2004)). The Fourth Circuit identified the following factors as among those which may constitute "cause":

> (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright, 151 F.3d at 160 n.5 (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Smith argues that he could not appeal his conviction because the judge and prosecutor threatened that if he appealed, they would "bring back the charges as a felony and drag [him] through the system for a long time" (Petition 1), and "keep [him] in jail for as long as they can" (Petition 5). As an initial matter, the Court notes that Smith did in fact file a Notice of Appeal, but then decided not to go forward with the appeal. If the statements made to Smith were simply an explanation of the consequences of an

12

appeal, then they are not actually an improper threat. On the other hand, if Smith proves that (1) the judge and prosecutor "actually communicated the alleged [improper] threats," and (2) that the threats actually caused him to withdraw his appeal, then "he has cause for having failed to raise his claim on direct appeal." United States v. Wright, 43 F.3d 491, 498 (10th Cir. 1994). However, the Court need not determine whether Smith would be able to demonstrate cause because his claim fails on the prejudice prong.

In addition to proving cause, Smith must also demonstrate prejudice. Id. A petitioner cannot demonstrate prejudice where the prosecutor merely advised the defendant that he may exercise his prosecutorial discretion by bringing back the original charges or seeking the maximum sentence on a *de novo* appeal. See, e.g., Easter v. Commonwealth, 525 S.E.2d 592, 595-96 (Va. App. 2000) (finding that it is not a violation of due process to reinstate charges on appeal that were originally charged but amended in the lower court, prior to defendant's plea bargain); Peterson v. Commonwealth, 363 S.E.2d 440, 446-47 (Va. App. 1987) (holding that due process was not violated where the prosecutor reinstated the original felony charges after the defendant appealed her misdemeanor conviction after her plea of guilty). The fact that the prosecutor would take additional, lawful action on appeal is "neither prejudicial nor violative of Petitioner's due process

rights." Lovitt v. True, 330 F. Supp. 2d 603, 628 (E.D. Va. 2004).

Smith also failed to demonstrate that he is actually innocent of the crimes for which he was convicted, such "that failure to consider the claims will result in a fundamental miscarriage of justice." Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750)); see also Weeks, 176 F.3d at 269. In order to use an assertion of actual innocence as an excuse for procedural default, the petitioner must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Carrier, 477 U.S. at 496). The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 324, 327. Smith does not make a claim of actual innocence. Rather, he claims that he was treated unfairly because he is poor, homeless, and an Irish American. Furthermore, Smith offered absolutely no new evidence to suggest that he is actually innocent.

For the reasons stated, Smith cannot prove cause and prejudice, or a fundamental miscarriage of justice. Accordingly, the Court FINDS that Smith's claims remain procedurally defaulted and are barred from this Court's review.

### IV. RECOMMENDATION

For the foregoing reasons, the Court, having found that the

claims raised in the instant petition have not been exhausted, and are now procedurally defaulted, RECOMMENDS that Smith's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED IN PART, to the extent that Smith failed to exhaust his claims, and DENIED IN PART, to the extent that it seeks to have the Attorney General of Virginia dismissed as the respondent, and that all of Smith's claims be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that Respondent's Motion to Dismiss Improper Party Respondent (Doc. No. 17), and Supplemental Motion to Dismiss (Doc. No. 25) be GRANTED, thereby dismissing Gene Johnson as the respondent in this action. The Court also RECOMMENDS that Petitioner's Motion to Proceed (Doc. No. 36) be DENIED as moot.

Smith failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2) Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the

15

Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ _____

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 8 2010

16

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Franklin C. Smith
S.B.I. 655003/2K3
H.R.Y.C.I.
P.O. Box 9561
Wilmington, Delaware 19801
*Pro Se*

Erin Marie Harrigan Kulpa
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
*Counsel for Respondent*

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

June 8, 2010